Wifredo A. Ferrer, Daren Grove, Lisette Marie Reid, Emily M. Smachetti, Benjamin Widlanski, U.S. Attorney's Office, MIAMI, FL, for Plaintiff–Appellee.

Michael Caruso, Federal Public Defender, Eric M. Cohen, Federal Public Defender's Office, MIAMI, FL, for Defendant–Appellant.

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Dontrey Williams appeals his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He claims that his entry of a guilty plea with "adjudication withheld" in Florida state court did not make him a "felon" for § 922(g)(1). Whether a person is a "felon" for § 922(g)(1) "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." Id. § 921(a)(20). A little over a year ago, this court certified to the Florida Supreme Court the question of whether a guilty plea with adjudication withheld is a "conviction" under Florida law. United States v. Clarke, 780 F.3d 1131, 1132 (11th Cir. 2015) (per curiam) (alteration omitted). This past February, the Florida Supreme Court responded by ruling that "a guilty plea for a felony for which adjudication was withheld does not qualify as a 'conviction.'" Clarke v. United States, 184 So.3d 1107, 1108 (Fla. 2016). This court then vacated a § 922(g)(1) conviction that was based on a guilty plea in Florida state court where adjudication was withheld. United States v. Clarke, 822 F.3d 1213, 1214–15 (11th Cir. 2016) (per curiam). Williams's § 922(g)(1) conviction was also based on a guilty plea in Florida state court where adjudication was withheld. The government therefore concedes that Williams's "§ 922(g) conviction for being a felon in possession must be vacated." [**R. Br. 8**] We agree.

**VACATED AND REMANDED.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mohammed BAH, a.k.a. Little, Defendant–Appellant.**

**No. 15-13271 Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

Date Filed: 08/29/2016

Phyllis Clerk, Stephanie Gabay–Smith, John Andrew Horn, Lawrence R. Sommerfeld, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee

Mohammed Bah, Pro Se

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Michael J. Trost, appointed counsel for Mohammed Bah in this direct criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California,* 386

U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED**, and Bah's convictions and sentences are **AFFIRMED**. Bah's motion for appointment of counsel is **DENIED AS MOOT**.